UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. DEVLIN,

        Plaintiff,                                Case No. 08-13421

v.                                        Honorable John Corbett O'Meara

RICHARD S. KALM, FREDERICK J.
CLELAND, ERIC T. BUSH, DALE E.
BEACHNAU, MICHAEL DAVIS,
DOMINICK P. ALAGNA, and JANET M.
McCLELLAND,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

    This matter came before the court on defendants Kalm, Cleland, Bush, Beachnau, Davis, and

Alagna's September 8, 2008 motion to dismiss and on defendant McClelland's September 12, 2008

motion to dismiss.  Plaintiff Patrick J. Devlin filed a response October 20, 2008; and Defendants

filed a reply October 24, 2008.  Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

## BACKGROUND FACTS

    Plaintiff Patrick J. Devlin is a State of Michigan classified civil service employee working

with the Michigan Gaming Control Board ("MGCB").  He was hired in 2001 as a compliance officer

for the Indian Gaming Section.  Plaintiff applied for a position as Deputy Director for the Licensing

Section but was not chosen for the position.

    Plaintiff subsequently filed a grievance with the Civil Service Commission ("CSC"),

complaining that the person chosen for the Deputy Director position was not qualified.  He filed

another grievance relating to a reorganization of the MGCB that relocated him from Lansing to

Detroit. Plaintiff claims that he should not have been transferred and that four new hires were not qualified for their positions.

The MGCB terminated Plaintiff's employment July 24, 2008; and Plaintiff filed another grievance to dispute his termination. He filed this lawsuit August 7, 2008.

## LAW AND ANALYSIS

Michigan's CSC is a constitutionally recognized body. Article 11, Section 5 of the Michigan Constitution provides the following:

> The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personal services, determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service.

The CSC's authority over all conditions of employment is complemented by Article 4, § 48 of the Michigan Constitution, which provides that the legislature may not enact laws for the resolution of disputes concerning public employees in the State classified civil service.

Plaintiff Devlin filed two lawsuits in state court. The first was an action for mandamus to compel the Michigan Attorney General to perform his duty and enforce the liquor laws against tribal casino management. On August 13, 2008, the Circuit Court for the County of Ingham granted the Attorney General's dispositive motion. Plaintiff filed a second suit against CSC, MGCB, and the Michigan Department of Treasury to require compliance with the Michigan Constitution, to revoke MGCB's selection of a licensing deputy director (the position for which Plaintiff was not selected), to revoke the hiring of four regulation officers, and to declare that the MGCB had no authority to

2

reorganize its structure or to transfer Plaintiff. The court granted the defendants' motions for summary disposition because Plaintiff had failed to exhaust the administrative remedies available to him through the CSC.

Plaintiff filed this action on August 7, 2008, while all of his grievances were still pending before the CSC. Defendants filed their motions to dismiss based on the doctrine of abstention, among other things.

In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court articulated the need for federal courts to abstain from interfering with ongoing, state criminal proceedings. The abstention required by Younger was extended to civil proceedings in state court in Huffman v. Pursue, Ltd., 420 U.S. 592 (1975), and to administrative proceedings in Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986). In deciding whether to exercise abstention, the court considers the following factors: 1) whether the underlying proceedings constitute an ongoing state judicial proceeding; 2) whether the proceedings implicate important state interests; and 3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).

In this case the state proceedings constitute a "judicial proceeding" because the CSC has the exclusive power to determine the issues that Plaintiff raises in this lawsuit: whether he was terminated in violation of some right and whether he was afforded due process. Second, the judicial proceedings before the CSC implicate the important state interest of the administration of the state's workers' compensation laws. Finally, the state proceedings provide Plaintiff an adequate opportunity to litigate his federal claims in the state court system. All three abstention factors are met in this case, and the court will grant Defendants' motions to dismiss.

3

## ORDER

It is hereby **ORDERED** that defendants Kalm, Cleland, Bush, Beachnau, Davis, and Alagna's September 8, 2008 motion to dismiss is **GRANTED.**

It is further **ORDERED** that defendant McClelland's September 12, 2008 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date:  March 18, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 18, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
