UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. DEVLIN,

    Plaintiff,

v.

RICHARD S. KALM, FREDERICK J.
CLELAND, ERIC T. BUSH, DALE E.
BEACHNAU, MICHAEL DAVIS,
DOMINICK P. ALAGNA, and JANET M.
McCLELLAND,

    Defendants.
    _____/

Case No. 08-13421

Honorable John Corbett O'Meara

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS

This matter came before the court on plaintiff Patrick J. Devlin's motion for entry of default judgment and motion for reconsideration of clerk's denial of entry of default. Defendants filed a response, and no oral argument was heard.

## BACKGROUND FACTS

Plaintiff Devlin filed a three-count complaint in this court on August 7, 2008, naming seven defendants. In lieu of filing an answer to the complaint, Defendants filed motions to dismiss predicated on Younger abstention. This court granted the motions, and Plaintiff filed an appeal. The United States Court of Appeals for the Sixth Circuit reversed this court's decision and entered its mandate March 16, 2010.

In his motion for entry of default judgment, Plaintiff argues that Defendants were required to file an answer within 14 days of the appeals court's decision and failed to do so. Likewise, Plaintiff

argues in his motion for reconsideration of the clerk's denial of entry of default that the clerk improperly denied the request.[1]

The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend begin with the entry of default by the clerk upon a plaintiff's request. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Rule 55(c) then provides that a motion may be made to set aside a default judgment pursuant to Rule 60(b).

In this case the court will apply the standard used for deciding whether it should set aside an entry of default in determining whether default should be entered in the first place. The Sixth Circuit has held that the following three factors are to be considered: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983). The court also notes the strong policy in favor of deciding a case on the merits.

In this case, plaintiff Devlin has not been prejudiced by the delay caused by Defendants' failure to file an answer after the Sixth Circuit's mandate. Plaintiff himself waited four months following the mandate to file his motion for entry of default. Defendants also appear to have meritorious defenses and have filed a second motion to dismiss. Moreover, Defendants have been

---

[1]The clerk entered a written notice of denial of entry of the requested default July 15, 2010, on the grounds that the motions to dismiss constituted timely responsive pleadings.

2

actively involved in the litigating of this case, as they contacted this court's case manager to inquire how to proceed shortly after the appellate court's order was filed and before the mandate issued.

Therefore, it is hereby **ORDERED** that Plaintiff's motion for entry of default judgment and motion for reconsideration of clerk's denial of entry of default are **DENIED.**

                              s/John Corbett O'Meara
                              United States District Judge

Date:  January 21, 2011


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 22, 2011, using the ECF system.

                              s/William Barkholz
                              Case Manager