UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. DEVLIN,

    Plaintiff,

v.

RICHARD S. KALM, FREDERICK J.
CLELAND, ERIC T. BUSH, DALE E.
BEACHNAU, MICHAEL DAVIS,
DOMINICK P. ALAGNA, and JANET M.
McCLELLAND,

    Defendants.
    _____/

Case No. 08-13421

Honorable John Corbett O'Meara

## **OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTIONS**

Defendants Richard S. Kalm, Frederick J. Cleland, Eric T. Bush, Dale E. Beachnau, Michael Davis and Dominick P. Alagna and defendant Janet M. McClelland filed Second Motions to Dismiss July 19, 2010. Plaintiff Patrick J. Devlin filed a single response to the two motions along with an amended complaint August 9, 2010. Defendants then filed two motions to dismiss the amended complaint or, in the alternative to strike Plaintiff's jury demand, on August 25, 2010, and September 2, 2010. Plaintiff filed a single response to those motions September 15, 2010. No reply briefs were filed, and no oral argument was heard.

Plaintiff Devlin filed a three-count complaint in this court on August 7, 2008, naming seven defendants. In lieu of filing an answer to the complaint, Defendants filed motions to dismiss predicated on Younger[1] abstention. This court granted the motions, and Plaintiff filed an appeal.

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Sixth Circuit reversed this court's decision February 12, 2010, and entered its mandate March 16, 2010.

The appellate court explained that Younger abstention is inappropriate in cases in which the plaintiff is the same in both the federal and state court proceedings. However, the court added, "Our decision today takes no position on whether Devlin's case should be dismissed or stayed on other theories, such as abstention under Burford v. Sun Oil Co., 319 U.S. 315 (1943), or Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)." Devlin v. Kalm, 594 F.3d 893, 896 (6th Cir. 2010).

Defendants' current motions advance a number of arguments in favor of dismissal, including urging this court to exercise abstention based on Burford and Colorado River. Burford abstention is appropriate where timely and adequate state court review is available and (1) a case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," or (2) the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989)(quoting Colorado River, supra, at 814).

In this case, adequate state court review is available. Plaintiff Devlin filed this lawsuit against these defendants the same day he filed his grievance with the Michigan Civil Service Commission ("MCSC"). In both cases Plaintiff has alleged that his termination was retaliatory for his exercise of free speech and because of his age. His grievance is subject to appellate review at the Employment Relations Board and further with the MCSC. After that, Devlin may appeal to a state court of competent jurisdiction. Under Section 103 of the Administrative Procedures Act, an appeal

2

from a final decision of the MCSC may be filed in the Circuit Court for the County of Ingham. He may then file an appeal with the Michigan Court of Appeals and an application for leave to appeal in the Michigan Supreme Court.

> The Michigan Constitution embodies the MCSC with a broad grant of authority:
>
>> The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personal services, determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service.

Mich. Const. 1963, Art. 11, § 5.

The MCSC has instituted a specific and exclusive process for handling employee grievances. Therefore, its rules and regulations implicate important state interests as defined in Michigan's Constitution; and they apply to all civil servants and to all civil service grievances. These state interests transcend the issues in this case. Because interference from this court while a former employee's grievance is still being handled by the MCSC may jeopardize the stability of that process and the authority of that constitutionally-mandated body, this court will abstain under Burford.

In addition, under exceptional circumstances federal courts may abstain out of deference to pending state court proceedings for reasons of wise judicial administration. Colorado River, supra. The Supreme Court has identified four factors a federal court should consider: 1) the problems that occur when a state and federal court assume jurisdiction over the same *res*, 2) the relative inconvenience of the federal forum, 3) the need to avoid piecemeal litigation, and 4) the order in which the state and federal proceedings were filed. Id. at 818-19.

This case meets the Colorado River exceptional factors test.  Concurrent state and federal court jurisdiction over the matter is time consuming and costly for both parties, may lead to piecemeal litigation, and could produce inconsistent results.  State courts are well-equipped to handle matters involving constitutional rights and able to adequately protect this plaintiff's federal rights.  Even though the MCSC stayed Plaintiff's grievance regarding his termination pending resolution of *this* case, the grievance was filed at the same time as this suit; and it should be resolved through the MCSC grievance process and any subsequent state court review.  Therefore, the court will abstain also under Colorado River.

## ORDER

For the reasons stated above, it is hereby **ORDERED** that Defendants' motions to dismiss are **GRANTED IN PART**; and the court will **DISMISS** this action based abstention under both Burford and Colorado River.


                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  February 17, 2011


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 17, 2011, using the ECF system.

                                        s/William Barkholz
                                        Case Manager