UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. DEVLIN,

     Plaintiff,

Case No. 08-13421

v.

Honorable John Corbett O'Meara

RICHARD S. KALM, FREDERICK J.
CLELAND, ERIC T. BUSH, DALE E.
BEACHNAU, MICHAEL DAVIS,
DOMINICK P. ALAGNA, and JANET M.
McCLELLAND,

     Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on Defendants' June 9, 2014 motion to dismiss; Defendants' June 9, 2014 motion for summary judgment; and Plaintiff's June 9, 2014 motion for summary judgment. The parties filed responses and reply briefs; and oral argument was heard August 28, 2014. For the reasons that follow, the court will grant Defendants' motion to dismiss and deny the cross motions for summary judgment.

**BACKGROUND FACTS**

Plaintiff Patrick J. Devlin filed a three-count complaint in this court on August 7, 2008, naming seven defendants. In lieu of filing an answer to the complaint, Defendants filed motions to dismiss predicated on Younger[1] abstention. This court granted the motions, and Plaintiff filed an

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

appeal.  The United States Court of Appeals for the Sixth Circuit reversed this court's decision February 12, 2010, and entered its mandate March 16, 2010.

The appellate court explained that Younger abstention is inappropriate in cases in which the plaintiff is the same in both the federal and state court proceedings.  However, the court added, "Our decision today takes no position on whether Devlin's case should be dismissed or stayed on other theories, such as abstention under Burford v. Sun Oil Co., 319 U.S. 315 (1943), or Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)."  Devlin v. Kalm, 594 F.3d 893, 896 (6th Cir. 2010).

Defendants filed a second round of motions to dismiss based, in part, on Burford and Colorado River abstention; and the court granted those motions.  The Sixth Circuit reversed this court a second time, and remanded the case; however, the appellate court did affirm this court's denial of Plaintiff's motion for default judgment.

After a third round of dispositive motions, this court denied Defendants' motions to dismiss based on qualified immunity, in part because discovery had not yet taken place in this case.  In its third opinion in this case, the Sixth Circuit reversed this court's denial of Defendants' motions based on qualified immunity with respect to Count III, Plaintiff's due process claim. Therefore, all that remains is Count I, Plaintiff's § 1983 claim for alleged violations of his First Amendment rights.

## LAW AND ANALYSIS

In their motion to dismiss, Defendants argue that Plaintiff's claims for prospective injunctive relief must fail for, among other things, lack of standing.  Plaintiff seeks to enjoin Defendants from any future violations of his constitutional rights.  However, Plaintiff was no longer employed by Defendants at the time he filed this lawsuit.  Therefore, he lacks standing to assert such relief.  See

2

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Furthermore, any future violations by Defendants are highly speculative, as it is highly doubtful that Plaintiff will work for Defendants again.

Plaintiff also seeks an injunction to compel future training of Defendants to prevent a recurrence of the alleged constitutional violations.  Again, however, Plaintiff lacks standing, as he cannot assert the rights of third parties because he has no standing to assert his own rights as to the claims for prospective injunctive relief.  See Warth v. Seldin, 422 U.S. 490, 499 (1975).  In addition, Plaintiff does not meet the factors for the extraordinary relief given by an injunction because he has adequate remedies at law, such as money damages.  See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987).

The final argument presented in Defendants' motion to dismiss is that defendants Dominick P. Alagna and Frederick J. Cleland should be dismissed because Plaintiff has failed to state a claim against them.  "Each defendant's liability must be assessed individually based on his own actions." Binay v. Bettendorf, 601 F.3d 640, 650 (6th Cir. 2010).  To be held liable in a § 1983 suit, a state official must commit more than a *de minimis* act leading to the plaintiff's termination.  Bell v. Johnson, 308 F.3d 594, 603 (6th Cir. 2002).

Plaintiff Devlin has failed to allege specific facts against these two defendants.  Alagna was assigned by Cleland, his supervisor, to investigate and question Plaintiff regarding the remarks he made to the press; and Alagna was present at Plaintiff's disciplinary conference.  However, neither of those acts shows that Alagna took any enforcement action against Plaintiff.  In fact, Alagna had no authority to enforce rules or policies against Plaintiff.  In his response brief, Plaintiff argues that

3

Alagna did not stop others from violating Plaintiff's constitutional rights. Again, however, there is no evidence that Alagna was in any position to do so.

Likewise, Plaintiff has failed to present any evidence that defendant Cleland, who allegedly ordered Alagna to conduct his investigation, had anything to do with the decision to terminate Plaintiff. Accordingly, defendants Alagna and Cleland are entitled to dismissal. The court will grant Defendants' motion to dismiss in its entirety.

In their motion for summary judgment, Defendants make the following arguments: 1) Plaintiff's speech was not protected because he was not speaking as a citizen; 2) even if the speech is protected, the Pickering balancing test favors Defendants; 3) Plaintiff's speech was not a substantial factor in his termination; and 4) Defendants are entitled to qualified immunity on the claims for money damages against them in their individual capacities.

In its latest opinion, the Sixth Circuit Court of Appeals addressed and ruled on many of these arguments.

> There are four parts of a successful claim that 'a public employer has violated the First Amendment by firing a public employee for engaging in speech.' *Id*. First, the plaintiff's speech is only entitled to protection if it 'addressed a matter of public concern.' *Id*. (citing *Connick v. Myers*, 461 U.S. 138, 143 (1983)). Second, the plaintiff must show that the speech was made 'outside the duties of employment.' *Garcetti v. Ceballos*, 547 U.S. 410, 424 (2006). Third, 'the court must balance the interests of the public employee, "as a citizen, in commenting upon matters of public concern and interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees."' *Rodgers*, 344 F.3d at 596 (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). Fourth, the plaintiff must show this [*sic*] his 'speech was a substantial or motivating factor' in the employer's decision to terminate him. *Id*.

Devlin v. Kalm, Nos. 12-2530, 12-2588, slip op. at 10 (6th Cir. Aug. 15, 2013). The court concluded, "The defendants do not dispute that Devlin's comments were 'a substantial or motivating factor' in his termination or that his comments were made outside his duties as an employee of the Board."

Id. The court went on to determine that Devlin's comments were directed to matters of public concern. Id. at 12. Therefore, the only factor left undetermined by the appellate court was the third factor, which uses the Pickering balancing test.

On that issue, the appellate court gave the following guidance:

> Under *Pickering*, the court 'consider[s] whether an employee's comments meaningfully interfere with the performance of [his] duties, undermine a legitimate goal or mission of the employer, create disharmony among co-workers, impair discipline by superiors, or destroy the relationship of loyalty and trust required of confidential employees.

Id. at 12-13. The court further opined, "Taking Devlin's complaint at face value, his interests in speaking appear to be quite strong under *Pickering*." Id. at 13. Moreover, "The defendants have failed to show that their interests in the efficient operation of government outweighs Devlin's First Amendment rights." Id. at 15. The court concluded that "[t]he amended complaint and documents mentioned therein do not provide enough information about the dynamics of the Board's work or the impact of Devlin's statements to validate the defendants' generalized concerns." Id.

The parties have now completed discovery, yet Defendants' arguments appear to be same as those previously submitted on appeal. Defendants contend that following Plaintiff's published comments regarding the State's failure to enforce liquor laws against Indian tribal casinos, they received calls from representatives of two of the tribes stating concerns about Plaintiff's comments. In addition, Defendants argue that the State had an interest in maintaining a working relationship with the Attorney General and that that relationship was damaged by Plaintiff's labeling him a "deadbeat" in the published article. The question is whether such disruption undermines the State's legitimate goal, creates disharmony, impairs discipline by superiors, or destroys the relationship of loyalty and trust required of confidential employees. This is a question of fact for the jury; therefore,

the court must deny Defendants' motion for summary judgment as well as Plaintiff's motion for summary judgment, which is premised on the same arguments and set of facts.

## ORDER

It is hereby **ORDERED** that Defendants' June 9, 2014 motion to dismiss is **GRANTED.**

It is further **ORDERED** that Plaintiff's June 9, 2014 motion for summary judgment is **DENIED.**

It is further **ORDERED** that Defendants' June 9, 2014 motion for summary judgment is **DENIED.**

                                          s/John Corbett O'Meara
                                          United States District Judge

Date:  September 12, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 12, 2014, using the ECF system.

                                          s/William Barkholz
                                          Case Manager